## JACKSON v. WHITE et al.

(Circuit Court of Appeals, Fourth Circuit. February 12, 1912.)

### No. 953.

**1. Account Stated (§ 12*)—Proceedings to Surcharge and Falsify Accounts—Equitable Rules.**

The chancery rules governing proceedings to surcharge and falsify accounts are applicable only where an account has been stated between the parties, or where something equivalent thereto has been done.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 73–76; Dec. Dig. § 12.*]

**2. Account Stated (§ 1*)—Acts Constituting.**

A statement made by an agent showing the sums paid out by a principal not tendered as a formal account does not become an account stated; he not being prepared to say that he did not give the statement on condition that it should not be used against the principal.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1–8; Dec. Dig. § 1.*]

**3. Money Received (§ 1*)—Liability.**

Where one has without right the money of another, the law presumes that he received it for the latter, and holds it for his use, and he must be decreed to pay it over.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 1, Dec. Dig. § 1.*]

On petition for rehearing. Denied.

For former opinion, see 188 Fed. 775, 110 C. C. A. 481.

James S. McCluer (Seth T. McCormick, on the brief), for appellant.

William Beard and William H. Wolfe, Jr. (V. B. Archer and B. M. Ambler, on the brief), for appellees.

Before GOFF and PRITCHARD, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. [1] Appellees are in error in supposing that we have ignored or modified the chancery rules regarding proceedings to surcharge and falsify accounts. These rules are applicable only where an account has been stated between the parties or where something legally equivalent thereto has been done. 1 Daniell's Chancery Pleading & Practice (6th Ed.) 666 et seq.; 2 Daniell's Chancery Pleading & Practice, 1252, 1253.

[2] Under the circumstances of this case, appellant had a right to ask for an accounting. It does not appear that prior to the filing of her bill the appellees ever stated an account with her. It is true that Mr. Flannigan, a witness for them, says that, when he was trying on their behalf to effect a compromise of her claims, he gave her hus-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

band and agent a statement of the sums paid out by the Citizens' Trust & Guaranty Company. He does not claim to have tendered it to her as a formal account. He is not prepared to say that he did not give it to her upon condition that it should not be used against the appellees. Such a paper did not thereby become an account stated. When in the progress of this cause an accounting was had, it appeared that much money had been paid out to persons other than appellees. The appellant sought to attack many of these payments. We have affirmed the action of the lower court in overruling her objections to every one of them. In the course of the accounting, it, however, appeared that there had been received by the appellees H. C. Jackson, Archer, and White certain sums aggregating $6,000, to which we have found they are not entitled; that is to say, the item of $3,000 received by H. C. Jackson, the $2,500 received by White, and the $500 received by Archer. A portion of this $6,000 belonged to the appellant.

[3] The appellees had it without right. The law presumes that they received it for appellant and now hold it for her use. It necessarily follows that they should be decreed to pay it to her.

We see no occasion to add anything to what we said in our original opinion as to the appellant's claim against H. C. Jackson under the contract which purports to bear date April 14, 1898. The statement in our opinion that the decree below did not require H. C. Jackson to repay $382.52 overpaid him for salary was, of course, an inadvertence. Our mandate will be modified so as to insure that he will not be called upon to pay that sum twice.

The petition for rehearing is hereby denied.